IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| WILLIAMS DANIELS, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | Civil Action No. 3:22-cv-147 |
| ) | Judge Stephanie L. Haines |
| DR. MCCLAIN and UNKNOWN ) | Magistrate Judge Cynthia Reed Eddy |
| NAMED AGENT, ) | |
| ) | |
| Defendants. ) | |

## MEMORANDUM ORDER

Presently before the Court is an Amended Complaint in civil action (ECF No. 12), filed by *pro se* Plaintiff, Williams Daniels ("Plaintiff"). In his Amended Complaint, Plaintiff asserts that his First, Fifth, Eighth, and Fourteenth Amendment Constitutional Rights were violated when he was sexually assaulted by prison staff while incarcerated at Moshannon Valley Correctional Detention Center ("FDC"), sometime in July 2006.[1] ECF No. 12, pp. 13, 15. On August 15, 2023, Plaintiff filed a Motion to Add Defendants (ECF No. 26) the Geo Group, the Federal Bureau of Prisons, the Texas Law Firm, the Warden of FDC, the Psychologist at FDC, and an unknown agent at FDC. Subsequently, on September 6, 2023, Plaintiff filed an Amended Motion to Add Defendants (ECF No. 29) Moshannon Valley Correctional CI; the Federal Bureau of Prisons; the Geo Group, Inc./Cornell Companies, Inc.; Warden Michael Millward; Associate Warden M. Harding; MD John Doe; and John Does at FDC.

Prior to the Amended Motion to Add Defendants, on August 28, 2023, Magistrate Judge Eddy filed a Report and Recommendation (ECF No. 28) recommending that the Amended Complaint (ECF No. 12) be dismissed with prejudice under the screening provisions of 28 U.S.C.

---

[1] On November 13, 2023, Plaintiff notified the Court that he no longer is housed at FDC (ECF No. 34).

§ 1915(e)(2)(B)(ii) because the statute of limitations had expired. In Pennsylvania the applicable statute of limitations for claims arising under 42 U.S.C. §1983 and *Bivens* is two years. *See Lake v. Arnold*, 232 F.3d 360 (3d Cir. 2000); *Brown v. Tollackson*, 314 F. App'x 407, 408 (3d Cir. 2008) (per curiam) ("The statute of limitations for a Bivens claim, as for claims arising under 42 U.S.C. § 1983, is borrowed from the forum state's personal injury statute."); 42 Pa. Stat. and Cons. Stat. Ann. § 5524 (Pennsylvania's statute of limitations for personal injury actions is two years). "The statute of limitations begins to run 'from the time the cause of action accrued,' which we have previously interpreted to mean when 'the first significant event necessary to make the claim suable' occurs." *Lake*, 232 F.3d at 366 (quoting *Ross v. JohnsManville Corp.*, 766 F.2d 823, 826 (3d Cir. 1985)). As stated above, Plaintiff alleges the events leading to this civil action took place in 2006, however, he did not initiate this action until August 21, 2022, well after the two-year statute of limitations had run.

Magistrate Eddy also dismissed with prejudice Plaintiff's Motion to Add Defendants (ECF No. 26). Judge Eddy decided that the request for amendment of defendants should be denied because it is futile given the claim is facially legally insufficient. *SeeBurtch v. Milberg Factors, Inc.*, 662 F.3d 212, 231 (3d Cir. 2011). "Among the grounds that could justify a denial of leave to amend are undue delay, bad faith, dilatory motive, prejudice, and futility." *Shane v. Fauver*, 213 F.3d 113, 115 (3d Cir. 2000) (quoting *In re Burlington Coat Factory Sec. Litig.* 114 F.3d 1410, 1434 (3d Cir. 1997)). In this case, the claims are so clearly barred by the statute of limitations that it is illogical to grant a motion adding defendants. It only stands to reason that the later Motion to Add Defendants (ECF No. 29) should also be dismissed with prejudice.

Plaintiff was advised he had until September 14, 2023, to object to the Report and Recommendation. *See* 28 U.S.C.§ 636 (b)(1)(B) and (C) and Local Civil Rule 72.D.2. Plaintiff

moved for an extension of time to file objections (ECF No. 32) which the Court granted (ECF No. 33) allowing Plaintiff until November 22, 2023, to respond to the R&R. Plaintiff has filed no objections, and the time to do so has expired.

Upon review of the record and the Report and Recommendation (ECF No. 28) under the applicable "reasoned consideration" standard, *see EEOC v. City of Long Branch*, 866 F.3d 93, 100 (3d Cir. 2017) (standard of review when no timely and specific objections are filed), and under Local Civil Rule 72.D.2, the Court will accept in whole the findings and recommendations of Magistrate Judge Eddy.

Accordingly, the following order is entered:

### ORDER

AND NOW, this 11th day of December 2023, IT IS ORDERED that Plaintiff's Amended Complaint (ECF No. 12) is hereby DISMISSED WITH PREJUDICE; and,

IT IS FUTHER ORDERED that the Motion to Add Defendants (ECF No. 26) is DISMISSED WITH PREJUDICE;[2] and

IT IS FURTHER ORDERED that the Amended Motion to Add Defendants (ECF No. 29) is DISMISSED WITH PREJUDICE; and

IT IS FURTHER ORDERED that Magistrate Judge Eddy's Report and Recommendation (ECF No. 28) is adopted as the Opinion of the Court; and,

IT IS FURTHER ORDERED that the Clerk of Court is directed to mark this matter closed.

Stephanie L. Haines
United States District Judge

---

[2] Alternatively, the Motion to Add Defendants (ECF No. 26) is dismissed as moot because Plaintiff amended the Motion at ECF No. 29.